## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JEROME HOLLIDAY,

              PLAINTIFF,

      v.

CABRERA & ASSOCIATES, P.C.,

              DEFENDANT.

CIVIL ACTION
No. 05-0971

## MEMORANDUM/ORDER

January 3, 2007

Plaintiff Jerome Holliday filed this motion for judgment in sum certain in connection with an unfair debt collection practices suit commenced against defendant Cabrera & Associates, P.C. in February of 2005.  Plaintiff served defendant with a summons and complaint on two occasions between March and April of 2005. (Pl. Motion for Entry of Judgment, Exhibits B & C).  On May 20, 2005 plaintiff notified defendant that plaintiff would be proceeding with a default if defendant did not respond to the complaint. (Id., Exhibit D).  On July 13, 2005, the Clerk of this court granted plaintiff's request for default, defendant having not appeared in the action.[1] (Docket # 7).  Plaintiff

---

[1] Federal Rule of Civil Procedure 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default."

1

now seeks damages, attorney's fees, and costs as allowed under the Fair Debt Collection

Practices Act (FDCPA), codified at 15 U.S.C. § 1692 et seq.  For the reasons given

below, the court will award plaintiff total fees, costs, and damages of $7052.40.


## I. Propriety of Awarding Fees, Costs, and Damages

Federal Rule of Civil Procedure 55(b)(1) authorizes the Clerk to enter a default

judgment where the plaintiff has obtained entry of a default pursuant to Rule 55(a) *and* is

seeking "a sum certain or . . . a sum which can by computation be made certain." See

Byrd v. Keene Corp, 104 F.R.D. 10, 11-12 (E.D. Pa 1984).  Plaintiff met the first

condition of Rule 55(b)(1) by obtaining a default on July 30. (Docket # 7).  To meet the

second condition, plaintiff "must establish that the amount requested is reasonable under

the circumstances." Byrd, 104 F.R.D. at 12.

Section 1692k(a) of the FDCPA provides that a debt collector who fails to comply

with the FDCPA as regards any person is liable to that person in an amount equal to the

sum of (1) "any actual damage sustained by such person as a result of such failure;" (2)

"in the case of any action by an individual, such additional damages as the court may

allow, but not exceeding $1,000;" and (3) "in the case of any successful action to enforce

the foregoing liability, the costs of the action, together with a reasonable attorney's fee as

determined by the court." 15 U.S.C. § 1692k(a).  Thus, under the FDCPA, the court may

properly award fees, costs, and statutory damages.

2

## II. Requested Damages

Plaintiff asks this court to award him $1000 in statutory damages—the maximum allowable under the FDCPA. (Pl. Brief Supp. Motion for Entry of Default Judgment 4). Section 1692k(b) of the FDCPA states that, when deciding whether to grant statutory damages under the FDCPA and, if so, how much to award, "the court shall consider, among other relevant factors . . . the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b); see also Graziano v. Harrison, 950 F.2d 107, 113 (3d Cir. 1991). Applying this directive in Crossley v. Lieberman, 868 F.2d 566 (3d Cir. 1989), the Third Circuit allowed statutory damages of $1000 where the defendant, an attorney, sent a debt collection letter threatening legal action on his own letterhead. As the Third Circuit found,

> [a]buses by attorney debt collectors are more egregious than those of lay collectors because a consumer reacts with far more duress to an attorney's improper threat of legal action than to a debt collection agency committing the same practice. A debt collection letter on an attorney's letterhead conveys authority and credibility.

Id at 570. In Brown v. Card Service Center, 464 F.3d 450, 2006 WL 2788476 (3d Cir. Sept. 29, 2006), the Third Circuit vacated the district court's dismissal of the plaintiff's complaint although the defendant's letter stated only that failure to cooperate "could' result in legal action. Id. at *3. As the Third Circuit reasoned, because "it would be deceptive under the FDCPA for [the defendant] to assert that it *could* take an action that it had no intention of taking and has never or very rarely taken before[,] . . . [the plaintiff]

has stated a claim under § 1692e upon which relief can be granted." Id. at *4.

The notice that defendant sent to plaintiff is similar to the letter challenged in Crossley, in that it was printed on Cabrera & Associates, P.C. letterhead (Pl. Brief, *supra*, Exhibit A (reproducing defendant's letter to plaintiff)). In addition, the notice appears to be a form letter, grounding an inference of repeated conduct—one of the factors identified by the Second Circuit in Clomon v. Jackson, 988 F.2d 1314, 1321-22 (2d Cir. 1993) (awarding maximum damages under the FDCPA). Finally, the content of the Cabrera letter is substantially more coercive than the letter at issue in Brown. In particular, the letter appears to violate subsections (2), (5), and (10) of section 1692e[2] by listing a "current settlement amount" rather than the amount due on the consumer debt; claiming the existence of a "pending legal matter" though no legal matter actually existed; and alleging that defendants would "perform account execution" within five business days of the letter although this remedy is only available after the entry of a judgment. (Pl. Brief, supra, Exhibit A).

In all, plaintiff has demonstrated at least three violations of the FDCPA and two exacerbating factors. Defendants, who have never appeared in this matter, have offered no evidence contradicting plaintiff's allegations or showing any reason why this court should not award statutory damages. See, e.g. 15 U.S.C. § 1692k(c) ("A debt collector

---

[2]Section 1692e defines false or misleading representations to include the false representation of "the character, amount, or legal status of any debt," § 1692e(2);  "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken," § 1692e(5);  and "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer," § 1692e(10).

may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error."); <u>Graziano</u>, 950 F.2d at 114 (noting that "in the instance of a single, trivial, and unintentional violation of the [FDCPA], it is within the court's discretion to decline to award statutory damages at all").

For these reasons, the court will award plaintiff statutory damages of $1000.

### III. Fees and Costs Requested by Plaintiff

Plaintiff requests $5,713 for approximately twenty hours of work done by the Philadelphia and New Jersey firm of Lundy, Flitter, Beldecos, & Berger ("Lundy"). (Decl. Theodore E. Lorenz, Sept. 14, 2005, Exhibit C, at 4).

**(1) Appropriateness of fee request**

In setting forth the standards to be applied when determining an appropriate attorney's fee under the FDCPA, the Third Circuit has observed that "[g]iven the structure of [section 1692k], attorney's fees should not be construed as a special or discretionary remedy; rather, the Act mandates an award of attorney's fees as a means of fulfilling Congress's intent that the Act should be enforced by debtors acting as private attorneys general." <u>Graziano</u>, 950 F.2d at 113. Thus, fees should be awarded unless some special circumstance, such as bad faith conduct on the part of the plaintiff, counsels

otherwise. Id. at 114 n.13.[3]  Because, as noted above, plaintiff has produced convincing

evidence of at least three violations of the FDCPA and two exacerbating factors, plaintiff

cannot be said to have acted in bad faith.  An award of attorney's fees is therefore

warranted.

**(2) Fee calculation**

In Graziano, the Third Circuit concluded that "in a typical case under the Act, the

court should determine what constitutes a reasonable fee in accordance with the

substantial Supreme Court precedent pertaining to the calculation of reasonable attorney's

fees." Id. at 114.  The Supreme Court, in turn, has found that "[t]he most useful starting

point for determining the amount of a reasonable fee is the number of hours reasonably

expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart,

461 U.S. 424, 433 (1983) (discussing calculation of attorney's fees under § 1988).

> The party seeking an award of fees should submit evidence supporting the hours
> worked and rates claimed. Where the documentation of hours is inadequate, the
> district court may reduce the award accordingly. The district court also should
> exclude from this initial fee calculation hours that were not "reasonably
> expended."

Id. at 433-34.  To determine what constitutes a reasonable hourly rate, courts should look

to "the prevailing market rates in the relevant community." Blum v. Stenson, 465 U.S.

---

[3] In Graziano, the Third Circuit noted that "several courts have required an award
of attorney's fees even where violations were so minimal that statutory damages were not
warranted," and that "[i]nability of a losing party to pay the attorney's fee is not a relevant
consideration." Id. at 113 n.13.  The Third Circuit went on to note that, because of the
presumption in favor of awarding attorney's fees, when a district court declines to award
a fee, "it should formulate particularized findings of fact and conclusions of law
explaining its decision." Id. at 114.

886, 895 (1984) (discussing calculation of attorney's fees under § 1988); see also Evans

v. Port Authority of New York and New Jersey, 273 F.3d 346, 360-61 (3d Cir. 2001)

("An attorney requesting a fee award must establish that rate with reference to 'the

community billing rate charged by attorneys of equivalent skill and experience

performing work of similar complexity.'" ) (quoting Student Pub. Interest Research

Group v. AT&T Bell Laboratories, 842 F.2d 1436, 1450 (3d Cir. 1988)).

**(3) Fee award**

Plaintiff's attorneys have provided the court with the billing summaries they

prepared for their client (Lorenz Decl., supra, Exhibit C); affidavits describing the

qualifications of the two attorneys who worked on plaintiff's case (Lorenz Decl., supra);

(Decl. Cary L. Flitter, Sept. 13, 2005); and a supporting affidavit from a Philadelphia

attorney "familiar with the market rates charged by contingent fee counsel for consumer

fraud and consumer credit litigation" (Decl. David A. Searles, Sept. 9, 2005).

On the basis of this documentation, plaintiff's attorneys request compensation for a

total of 19.8 hours of work billed at the following rates:

| Attorney/Paralegal | Rate/hr |
|---|---|
| Cary L. Flitter | $380.00 |
| Theodore E. Lorenz | $275.00 |
| Joan M. Raughley | $115.00 |
| Robin Pomerantz | $115.00 |

In Ciccarone v. Marchese, 2004 WL 2966932 (E.D. Pa. Dec. 22, 2004), Judge

Shapiro allowed Mr. Flitter an hourly rate of $390 in a Fair Credit Reporting Act case,

finding that

> Mr. Flitter is the partner responsible for litigation at [Lundy, Flitter, Beldecos &
> Berger, P.C.], and has been a member of the bar for 23 years. His practice focuses
> on commercial litigation, consumer credit matters, and diverse commercial
> disputes. According to the supporting affidavits, Mr. Flitter's hourly rate of $390 is
> comparable to rates of similarly experienced attorneys in the region.

Id. at *8.  In Nelson v. Select Financial Services, Inc., 2006 WL 1672889 (E.D. Pa. 2006)

(FDCPA claim) Judge Dalzell allowed hourly rates of $430 for Mr. Flitter, $295 for Mr.

Lorenz, and $115 for Ms. Raughley and Ms. Pomerantz. Id. at *3.

These findings of sister courts, together with Mr. Searles's declaration, constitute

persuasive evidence as to the reasonableness of the hourly rates requested by plaintiff's

attorneys.  Thus, the court will award $5713 in fees as broken out below.

| Attorney/Paralegal | Rate/hour | Hours | Total |
|---|---|---|---|
| Cary L. Flitter | $380.00 | 5.6 | $2128.00 |
| Theodore E. Lorenz | $275.00 | 12.2 | $3355.00 |
| Joan M. Raughley | $115.00 | 0.8 | $92.00 |
| Robin Pomerantz | $115.00 | 1.2 | $138.00 |

**(4) The Requested Costs**

Lundy is seeking $339.40 in costs for disbursements related to this case.  The requested costs appear appropriate.

**(5) Total Fees and Costs**

The approved attorney's fees are $5713. The approved costs are $339.40.  The total of approved fees and costs is $6052.40.

## Conclusion

And now, upon consideration of plaintiff Jerome Holliday's Motion for Entry of Judgment in Sum Certain, it is hereby ordered that said motion is **GRANTED**.  It is further **ORDERED** that defendant Cabrera & Associates, P.C., shall remit to plaintiff payment in the amount of $7052.40, said amount being the sum of $1000 in statutory damages, $5713 in attorney's fees, and $339.40 in costs.

BY THE COURT:

_/s/ Louis H. Pollak_

Pollak, J.